# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JILL THERESE HICKERT, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-CV-00500-DGK |
| MARTIN O'MALLEY,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Jill Therese Hickert's application for disability insurance benefits ("DIBs") under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of degenerative disc disease, osteoarthritis, anxiety disorder, and depressive disorder, but retained the residual functional capacity ("RFC") to perform light work with certain restrictions. The ALJ ultimately found Plaintiff could work as a small parts assembler, mail room clerk, and price marker.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for DIBs on July 3, 2019, alleging a disability onset date of January 1, 2018. The Commissioner denied the application at the initial claim level, and Plaintiff appealed

the denial to an ALJ.  The ALJ held a hearing and, on November 27, 2020, issued a decision finding Plaintiff was not disabled.  The Appeals Council denied Plaintiff's request for review on May 5, 2021, leaving the ALJ's decision as the Commissioner's final decision.  Plaintiff sought judicial review in this Court, and on July 27, 2022, the Court remanded the case back to the agency for further proceedings.  *See Hickert v. Kijakazi*, No. 4:21-cv-00425-DGK, 2022 WL 2966882 (W.D. Mo. July 27, 2022).

On May 8, 2023, the ALJ held another hearing.  On May 24, 2023, the ALJ issued a fifteen-page decision again finding Plaintiff was not disabled.  The ALJ's decision subsequently became the final decision of the Commissioner.  *See* 20 C.F.R. §§ 404.984.  Judicial review is now appropriate under 42 U.S.C. § 405(g).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors.  *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016).  Substantial evidence is less than a preponderance but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision.  *Id.*  In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *Id.*  The court must "defer heavily" to the Commissioner's findings and conclusions.  *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close").  The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is

2

not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at Steps Four and Five.

### I. The ALJ properly evaluated Dr. Toll and Dr. Skolnick's opinions.

Plaintiff argues the ALJ erred at Step Four by failing to include all the limitations identified by Drs. Toll and Skolnick. Specifically, (1) moderate limitations in the ability to perform within a schedule, maintain regular attendance, be punctual, and complete a normal workday and workweek; (2) moderate limitations in the ability to maintain attention and concentration for extended periods; (3) the need for reasonable support and structure; and (4) the need for instructions and tasks to be familiar and simple with minimal variations. *See* Pl.'s Br. at 31–33, ECF No. 10. This argument is unpersuasive.

The ALJ found Dr. Toll and Dr. Skolnick's opinions persuasive and consistent with the record as a whole. The ALJ also found Plaintiff could "perform light work" with the following

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes his past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through step four of the analysis the claimant bears the burden of showing she is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

relevant limitations: Plaintiff "can understand, remember, and carry out simple instructions and procedures requiring brief learning periods of one month or less. She can use independent judgment in the context [of] simple work. She can occasionally interact with coworkers and supervisors but cannot interact with the public in the performance of job duties. She can adapt to occasional changes in the work setting." R. at 1145.

In formulating the RFC, an ALJ is "not required to adopt the exact limitations set forth in the opinions she found persuasive." *Wyatt v. Kijakazi*, No. 23-1559, 2023 WL 6629761, at *1 (8th Cir. Oct. 12, 2023); *see Jones v. Kijakazi*, No. 21-00608-CV-W-BP-SSA, 2022 WL 1421956, at *2 (W.D. Mo. May 5, 2022) (finding the RFC was "not inconsistent" with a doctor's "report merely because the ALJ did not quote [the doctor] verbatim"). The ALJ instead looks to the record as a whole. *See Jones* 2022 WL 1421956, at *2.

Here, the ALJ acknowledged "[t]he language in my residual functional capacity finding does not exactly match the wording of Dr. Toll or Dr. Skolnick" after reiterating their opinions verbatim. R. at 1149, 121–22, 144–45. The ALJ explained she reworded their opined limitations into "vocational terms" and gave examples. R. at 1149. The ALJ also pointed to numerous findings in the record supporting the limitations given, including examinations within normal limits, other medical records, and Plaintiff's daily activities. R. at 1144, 1149, 936, 939, 945, 948, 954, 963, 966, 1107, 1110, 1143, 1148.

Moreover, the only limitation Plaintiff argues would change the ALJ's ultimate decision is that Plaintiff is "moderately limited in the ability to maintain attention and concentration for *extended periods*." Pl.'s Br. at 33. Plaintiff argues "extended periods" is defined as two-hours, and had this limitation been posed to the vocational expert ("VE"), the VE would have found no jobs existed in the nation economy for Plaintiff. *Id.* This argument fails for two reasons.

First, "the burden of persuasion to prove disability and to demonstrate RFC remains on the claimant," *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016), and Plaintiff has not pointed to any evidence suggesting she cannot concentrate for extended periods.

Second, the RFC adequately encompasses Drs. Toll and Skolnick's concentration limitation. When asked to explain the relevant limitation in narrative form, Drs. Toll and Skolnick stated, "Claimant retains the ability to [c]oncentrate and persist at simple familiar tasks requiring some independent judgment and involving minimal variations." R. at 122, 145. The ALJ clearly included this limitation by limiting Plaintiff to simple instructions requiring only brief learning periods and using independent judgment in the context of simple work only. At best, Plaintiff has pointed to a "deficiency in opinion writing" which alone "is not a sufficient reason to set aside the ALJ's decision." *Hensley*, 829 F.3d at 932 (quotation omitted).

## II. The ALJ properly evaluated Dr. Mirza's opinion.

Plaintiff argues the ALJ further erred at Step Four by failing to properly evaluate the consistency and supportability factors—as required by 20 C.F.R. 404.1520c—in finding Dr. Mirza's opinion unpersuasive. Pl.'s Br. at 34–36. This argument is unavailing.

The regulations require an ALJ to focus on the persuasiveness of a medical opinion using the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. § 404.1520c(a)–(c). Supportability and consistency are the most important factors to consider, and an ALJ must explain how both factors are considered. *Id.* § 404.1520c(b)(2). Supportability evaluates the relationship between the medical opinion and the evidence and explanations from the medical source. *Id.* § 404.1520c(c)(1). Consistency compares the medical opinion to the other evidence (medical and non-medical) in the record. *Id.* § 404.1520c(c)(2). An ALJ's failure to address either the consistency or supportability

5

factor in assessing the persuasiveness of a medical opinion requires reversal. *See Bonnett v. Kijakazi*, 859 Fed. App'x. 19, 20 (8th Cir. 2021) (unpublished) (per curium) (reversing where ALJ evaluated supportability factor but not consistency factor).

In this case, the ALJ narrowly found Dr. Mirza's August 26, 2019, medical opinion unpersuasive. R. 1150. In that opinion, Dr. Mirza found Plaintiff had marked limitations in understanding and memory, sustained attention and concentration, social interaction, and adaptation. R. at 975–78. The ALJ found this particular opinion inconsistent with the other material medical evidence in the record including Dr. Mirza's other treatment notes, *see, e.g.*, R. at 936, 963, 1110, the State agency medical consultants who indicated Plaintiff only had moderate limitations in these areas, and the fact Plaintiff had no psychiatric emergency treatment or admissions, R. at 1150. Regarding supportability, Dr. Mirza based his August 26, 2019, opinion on prior visits with Plaintiff, R. 978, and the ALJ cited a plethora of those visits wherein Plaintiff's mental limitations were not so severe, *see, e.g.*, R. at 936, 939, 942. While the ALJ arguably could have written more on supportability, "an arguable deficiency in opinion-writing technique does not require us to set aside an administrative finding when that deficiency had no bearing on the outcome." *Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008) (internal quotation marks omitted).

Substantial evidence on the record as a whole supports the ALJ's mental RFC finding.

**III.     The ALJ properly evaluated Plaintiff's physical limitations.**

Lastly, Plaintiff argues the ALJ erred at Step Four by failing to indicate what evidence supported limiting Plaintiff to frequent fingering and reaching overhead to accommodate her carpal tunnel syndrome. *See* Pl.'s Br. at 37–39. This argument in unavailing.

As an initial matter, the ALJ found Plaintiff's carpal tunnel syndrome was not a severe impairment after analyzing the applicable medical evidence, or in this case, lack thereof. R. at

6

1142. The ALJ considered Plaintiff's subjective complaints—namely that Plaintiff experienced numbness in her hands and feet and occasionally dropped things, R. at 34–35, 75, 1187, 324, 329—but also noted "there are no objective clinical deficits indicating problems with grip or motor strength." R. at 1142. Despite finding Plaintiff's carpal tunnel syndrome was not a severe impairment, the ALJ accommodated Plaintiff's subjective complaints by limiting her to light work with frequent fingering and reaching overhead. R. at 1142. While Plaintiff would have liked the ALJ to identify greater restrictions, Plaintiff does not point to evidence supporting such a finding. *See Hensley*, 829 F.3d at 933.

Substantial evidence on the record as a whole supports the ALJ's physical RFC finding.

**IV.    The ALJ did not err at Step Five.**

At Step Five, Plaintiff argues the VE testified inconsistently with the Dictionary of Occupational Titles ("DOT") regarding overhead reaching and interacting with others, and the ALJ failed to resolve the conflict per Social Security Ruling ("SSR") 00-4p. *See* Pl.'s Br. at 39–44. Defendant argues the DOT does not address these limitations, and regardless, the ALJ addressed any apparent discrepancies.

"SSR 00-4p places an affirmative responsibility on the ALJ to ask about any possible conflict between VE evidence and the DOT, and to obtain an explanation for any such conflict, before relying on VE evidence to support a determination the claimant is not disabled." *Courtney v. Comm'r, Soc. Sec. Admin.*, 894 F.3d 1000, 1003 (8th Cir. 2018) (cleaned up). An ALJ is not required to ask questions where a VE testifies to extra information that does not directly conflict with the DOT. *Id.* This is because the SSA "describes VEs as 'reliable sources of occupational information' and 'sources of occupational evidence.'" *Id.* at 1003–04 (quoting SSR 00-4p, 2000 WL 1898704, at *1, *2). Where an ALJ complies with SSR 00-4p, the Court reviews the decision

7

under the deferential substantial evidence standard. *See Welsh v. Colvin*, 765 F.3d 926, 930 (8th Cir. 2014) (finding no error where the relevant DOT job descriptions required occasional lifting up to ten pounds, but the VE testified based on her experience that those jobs require lifting no more than five pounds (plaintiff's limit) and that her testimony was consistent with the DOT).

At the hearing, the ALJ posed a hypothetical question to the VE accurately reflecting her RFC finding. Relevant to the analysis here, the hypothetical included an individual who could frequently finger bilaterally, could not reach overhead, and could occasionally interact with coworkers and supervisors, but could not interact with the public in the performance of job duties. R. at 1189–90. The VE responded with three possible jobs, confirmed her testimony was consistent with the DOT, and stated that she had supplemented her testimony regarding overhead reaching and interacting with others based on her professional opinion, experience, and education since the DOT does not specifically address those issues. R. at 1190. Plaintiff's attorney did not cross examine the VE on whether her testimony was consistent with the DOT. R. at 1191.

While Defendant concedes the VE mistakenly recommended one job for different reasons,[2] "one mistaken recommendation does not devalue the rest of her opinion." *Grable v. Colvin*, 770 F.3d 1196, 1202 (8th Cir. 2014). Contrary to Plaintiff's argument, the VE's testimony did not conflict with the DOT on the remaining two job recommendations. Neither job description mentions reaching. *See* DOT 706.684-022 (small parts assembler) and DOT 209.587-034 (price marker). As for coworker interaction, the DOT states a small parts assembler "[f]requently works at bench as member of assembly group assembling one or two specific parts and passing unit to another worker." *See* DOT 706.684-022. But this description does not specifically address the

---

[2] Defendant concedes that the occupation of mailroom clerk requires a reasoning level that conflicts with the RFC and the DOT, and the ALJ did not specifically address this issue. Df.'s Br. at 7 n.4, ECF No. 11.

nature of interacting with coworkers, and regardless, courts treat the DOT as "generic job descriptions that offer the approximate *maximum* requirements for each position, rather than their range." *Welsh*, 765 F.3d at 929 (quotation omitted) (emphasis added). Lastly, the DOT does not address coworker interaction for price markers. *See* DOT 209.587-034.

Thus, in line with SSR 00-4p, the ALJ properly concluded there were jobs in the national economy that Plaintiff could perform based on the VE's testimony—including her supplemental findings which were consistent with the DOT—Plaintiff's age, education, work experience, and RFC. R. at 1152.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  July 9, 2024  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT